# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| PEYTON JOHN WESLEY HOPSON, | ) | CASE NO. 5:21-cv-704 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| WARDEN DAVID W. GRAY, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is a "motion to recall the Court's mandate" filed by *pro se* petitioner, Peyton Hopson ("Hopson" or "petitioner"). (Doc. No. 23.) For the reasons set forth below, the motion is denied.

On March 29, 2021, Hopson filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the U.S. District Court for the Southern District of Ohio. The case was transferred to this district two days later, due to Hopson's custody at Belmont Correctional Institution within this district. (*See* Doc. No. 1, Order.)

On October 20, 2021, this Court dismissed the petition for two reasons. (*See* Doc. No. 13, Memorandum Opinion and Order.) First, the Court concluded that Hopson's claim under the Eighth Amendment challenging the conditions of his confinement (*i.e.*, an alleged failure by prison officials to provide constitutionally required medical care) was not cognizable in habeas. The Court dismissed the petition without prejudice to Hopson raising his claims in an action brought

under 42 U.S.C. § 1983. (*Id*. at 10.[1]) Second, to the extent Hopson's petition may have properly been brought under the habeas statute because he sought release based on his assertion that no set of conditions would be sufficient to remedy the Eighth Amendment violation he claimed, the Court dismissed the petition without prejudice for failure to exhaust his claims in state court. (*Id*. at 12.) Hopson filed a motion to stay this dismissal order (Doc. No. 15), which was denied by non-document order dated November 19, 2021.

Hopson filed two separate appeals, one from the original dismissal order and another from the non-document order denying a stay. In an order dated July 5, 2022, the Sixth Circuit Court of Appeals addressed the merits of this Court's October 20, 2021 dismissal of the habeas petition, but in the context of determining whether it should grant a certificate of appealability (since this Court's order had denied one). The Court of Appeals stated:

> An individual seeking a COA is required to make a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the appeal concerns a district court's procedural ruling, a COA should issue when the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
>
> Jurists of reason would not debate the district court's procedural ruling. Even if Hopson's claim is cognizable on habeas review, jurists of reason would agree that the district court correctly dismissed the claim for lack of exhaustion. Exhaustion requires a petitioner to present a claim to each level of the state courts before filing a § 2254 petition in federal court. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Hopson conceded that he did not do so. Moreover, his conclusory assertion that there is a backlog of cases in state court does not justify excusing the waiver requirement. To demonstrate the existence of exceptional circumstances

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

>that merit waiving the exhaustion requirement, a petitioner must show that the State is completely at fault for causing an inordinate delay in an ongoing state action. *See Johnson v. Bauman*, 27 F.4th 384, 394-95 (6th Cir. 2022). Hopson has failed to make this showing.

(Doc. No. 21, at 3 (Appeal No. 21-4185).) On September 14, 2022, the appeals court declined an *en banc* rehearing of that appeal. (*See* Doc. No. 22.)

The online docket of Appeal No. 21-4185 has one final entry[2] that does not appear on the docket in the instant case—a letter dated October 17, 2022 declining acceptance of, and returning unfiled, Hopson's "motion to recall the court's mandate postmarked October 11, 2022." This letter indicates that, in light of the denial of Hopson's petition for *en banc* rehearing, the "case is now closed, and further relief is not available."

Undeterred, Hopson filed the instant motion in this Court; the envelope it arrived in was postmarked November 3, 2022. (*See* Doc. No. 23-1.)

There is no such thing as a "mandate" in the district court. Rather, Hopson's motion, which this Court construes liberally given his *pro se* status, appears to be seeking reconsideration of the dismissal order of October 20, 2021. But any issues decided in that dismissal order are now *res judicata* as a result of the Sixth Circuit's denial of a certificate of appealability regarding that dismissal order. Hopson's manufactured form of a "motion to recall the mandate" is ineffective to change those procedural facts and legal conclusions.

Even if this Court were to construe Hopson's motion to recall the mandate as a request for reconsideration—or an untimely motion to alter or amend the judgment under Fed. R. Civ. P.

---

[2] Federal courts may "'take judicial notice of proceedings in other courts of record[.]'" *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (quoting *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); Fed. R. Evid. 201(d)).

59(e)[3]—Hopson has failed to establish any one of only three situations that might justify such action: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)). Hopson argues that this Court dismissed his habeas petition for failure to exhaust state remedies which he claims are non-existent. (*See* Doc. No. 23, at 2, 13–14.) But Hopson completely ignores the fact that the dismissal order stated that his claim may be cognizable under 42 U.S.C. § 1983; the habeas petition was dismissed without prejudice to the proper pursuit of any such § 1983 claim.

For the reasons set forth above, Hopson's motion to recall the mandate (Doc. No. 23) is denied. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 12, 2023

                                                           **HONORABLE SARA LIOI**
                                                           **UNITED STATES DISTRICT JUDGE**

---

[3] A motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).